IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Richardson, *also known as* Kevin Bookman, | ) C/A No.  0:14-4797-MGL-PJG </br>) </br>) |
| Petitioner, | ) </br>) **REPORT AND RECOMMENDATION** |
| v. | ) </br>) |
| Warden of Danbury Federal Correctional Institution, | ) </br>) </br>) |
| Respondent. | ) </br>) |

The petitioner, Kevin Richardson, a self-represented federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Amended Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC.  Having reviewed the Amended Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the Respondent to file a return.

**I.     Factual and Procedural Background**

The Amended Petition challenges convictions in the Richland County General Sessions Court and concurrent sentences totaling ten years' imprisonment. (ECF No. 9 at 1.)  Petitioner indicates that the sentences result from:  (1) a March 18, 1997 conviction by a jury for the offense of trafficking crack cocaine; and (2) a March 19, 1997 guilty plea to possession with intent to distribute crack cocaine.  (Id. at 2.)

---

[1] Petitioner filed an Amended Petition clarifying his intent to challenge state convictions under § 2254.  (ECF No. 9.)  To preserve issues and give liberal construction to the pleadings, the original Petition has been docketed as an attachment to the Amended Petition.  (ECF No. 9-2.)



**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d



1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The instant Amended Petition is subject to dismissal because Petitioner indicates that he has not exhausted his state court remedies for any of the habeas grounds presented. (ECF No. 9 at 22.) The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); Lawson v. Dixon, 3 F.3d 743, 749-50 n.4 (4th Cir. 1993). "[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Further, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted).

In this case, Petitioner indicates that he did not file a direct appeal; however, Petitioner did file an application for post-conviction relief ("PCR") on November 6, 1997. (ECF No. 9 at 3.) Petitioner claims that this PCR action was dismissed without his consent or knowledge. (Id.)



Petitioner further states that he filed a second PCR application on April 22, 2013 and a third PCR application on June 7, 2013, which have been consolidated by the state court and remain pending. (ECF No. 9 at 4-5.) Petitioner asserts that his grounds for habeas relief are unexhausted because the state court has not yet made a decision regarding his consolidated PCR actions.² (Id. at 22.)

Since it is clear from the face of the Amended Petition that Petitioner has potentially viable state court remedies which have not been fully utilized, the court should not keep this case on its docket while Petitioner pursues exhaustion. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); see also Pitchess v. Davis, 421 U.S. 482, 490 (1975); Matthews v. Cohen, C/A No. 4:12-1407-MGL, 2013 WL 1303113 (D.S.C. Mar. 29, 2013) (dismissing habeas petition without prejudice for lack of exhaustion where second PCR application remained pending). Therefore, the Amended Petition is subject to summary dismissal.³

---

² Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. See Coleman, 501 U.S. at 735 n.1. However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. In the present action, procedural default cannot be determined because no ruling has yet been made regarding Petitioner's pending PCR applications. A determination on whether the Amended Petition has been filed within the one-year statute of limitations, see 28 U.S.C. §2244(d), will likewise depend on the state court's decision in Petitioner's pending cases.

³ Because Petitioner indicates that none of his grounds for habeas relief is exhausted, the instant Amended Petition is not a mixed habeas petition. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (holding that a federal court has discretion, in limited circumstances, to stay a mixed habeas petition to allow presentation of unexhausted claims to the state court).



### III.     Conclusion

Accordingly, the court recommends that the Amended Petition for writ of habeas corpus be dismissed without prejudice and without requiring the Respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 5, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).